IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ROBERT McCABE,     :
    :    C.A. No. K17A-02-001 WLW
    Claimant-Below,     :    Kent County
    Appellant,     :
    v.     :
    :
BAYSIDE ROOFING, INC., a     :
Delaware corporation,     :
    :
    Employer-Below,     :
    Appellee.     :

Submitted: August 1, 2017
Decided: November 15, 2017

**ORDER**

Upon Appeal From the Decision of the
Industrial Accident Board.
*Reversed and Remanded*

Walt F. Schmittinger, Esquire of Schmittinger & Rodriguez, P.A., Dover, Delaware; attorney for the Appellant.

John J. Ellis, Esquire of Heckler & Frabizzio, Wilmington, Delaware; attorney for the Appellee.

Oliver J. Cleary, Esquire of the Department of Justice, Wilmington, Delaware; attorney for the Industrial Accident Board.

WITHAM, R.J.

Employee-Appellant, Robert McCabe, appeals from a decision of the Industrial Accident Board (the "Board"), denying his Petition for Additional Compensation Due to Injured Employee. The Board denied Mr. McCabe's petition because he could not meet his burden to prove that medical bills were not paid in full to his treating doctor, Ganesh Balu, M.D. In addition, the Board found that Mr. McCabe failed to meet his burden of proving that "clean claims" were submitted to the Employer-Appellee, Bayside Roofing, Inc. ("Bayside Roofing").

After a thorough review of the record, including the transcript of the hearing before the Board, the Court must **REVERSE** and **REMAND** this case to the Board because the Board committed legal error when it misapplied Industrial Accident Board Rule 9.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying case involves Mr. McCabe's workers' compensation claim, in which the following facts are not in dispute.

On November 23, 2010, Mr. McCabe suffered a compensable lower back injury while employed by Bayside Roofing. Mr. McCabe was treated by several doctors for injuries, including Dr. Balu.

On April 11, 2016, Mr. McCabe filed a Petition for Additional Compensation Due to Injured Employee seeking payment for medical bills associated with his injuries.

On December 15, 2016, the Board held a hearing, in which Mr. McCabe attempted to show that Bayside Roofing had not paid Dr. Balu for the entirety of Mr.

McCabe's compensable medical treatment. To carry his burden, Mr. McCabe offered, and the Board admitted, the previously taken deposition testimony of Dr. Balu. Mr. McCabe also attempted to enter into evidence a proposed exhibit (hereinafter, the "Proposed Exhibit"), which contained, *inter alia*, various medical bills. Bayside Roofing objected to the entry of the Proposed Exhibit into evidence, contending that Bayside Roofing had not received the evidence until "after the 30-day rule."[1] Mr. McCabe contended that he attached the medical bills to a pre-trial memorandum amendment, that he allegedly sent as a letter to the Board and Bayside Roofing on June 10, 2016.

The Board sustained the objection holding:

> [t]he letter that Mr. Schmittinger referenced of June 10, 2016 merely references a close [indiscernible] finding amendment to the petition. There's nothing there referencing the inclusion of - - of the medical bills. So the objection to the admission is sustained.

After Mr. McCabe's counsel asked the Board to clarify its decision, the Board stated:

> we have nothing in that letter to indicate there are medical bills attached and I think that would've been helpful to us.

---

[1] Although neither party identified the specific Board rule that defines the "30-day rule," the Court presumes the parties were referring to IAB Rule 9(B)(6), since the parties were disputing the legitimacy of Mr. McCabe's pre-trial memorandum amendment. Rule 9(b)(6)(a) provides, *in toto*:

> (a) Either party may modify a Pre-Trial Memorandum at any time prior to thirty (30) days before the hearing. Amending the Pre-Trial Memorandum by written notice to the opposing party and the designated employee of the Department of Labor may be made in accord with this Rule. If a party objects to the amendment, the party requesting relief shall file a motion in accord with Rule 8.

On December 27, 2016, the Board issued its decision. The Board found that Mr. McCabe did not carry his burden of establishing that Bayside Roofing had failed to pay bills they were obligated to pay. The Board relied upon Dr. Balu's inability to testify as to what amounts were still due and owing on Mr. McCabe's account. In addition, the Board determined that Mr. McCabe did not meet his burden of proving that "clean claims" were submitted to Bayside Roofing in accordance with 19 *Del. C.* § 2322F.[2] Therefore, the Board denied Mr. McCabe's petition as to the compensability of any outstanding medical bills allegedly still due to Dr. Balu.

On February 1, 2017, Mr. McCabe appealed the Board's decision, filing his notice of appeal with this Court.

## THE PARTIES CONTENTIONS

First, Mr. McCabe contends that the Board erred when it sustained Bayside Roofing's objection to the admission of the Proposed Exhibit. According to Mr. McCabe, the Board violated not only the Board's own rules governing amendment

---

[2] 19 *Del. C.* § 2322F(a) provides that:

[c]harges for medical evaluation, treatment and therapy . . . shall be submitted to the employer or insurance carrier along with a bill or invoice for such charges, accompanied by records or notes, concerning the treatment or services submitted for payment, documenting the employee's condition and the appropriateness of the evaluation, treatment or therapy, with reference to the health care practice guidelines adopted pursuant to § 2322C of this title, or documenting preauthorization of such evaluation or therapy.

*See also*, 19 *Del. C.* § 2322F(b) (regarding billing requirements for hospital services/items); 19 *Del. C.* § 2322F(h) (allowing for denial of treatment where the claim does not contain "substantially all the required data elements necessary to adjudicate the invoice.").

to pre-trial memoranda, but also the Board's decision conflicted with fundamental notions of fairness that govern proceedings before the Board. Specifically, Mr. McCabe alleges that he complied with Industrial Accident Board ("IAB") Rule 9, when he allegedly sent Bayside Roofing the medical bills, as part of a pre-trial memorandum amendment on June 10, 2016. In addition, assuming that Mr. McCabe did not comply with IAB Rule 9, Mr. McCabe argues that Bayside Roofing waived its right to object to the admission of the Proposed Exhibit when it failed to object by written motion to Mr. McCabe's amended memorandum, in accordance with IAB Rule 8. Finally, Mr. McCabe contends that the Board violated IAB Rule 14 when it rejected the submission of the Proposed Exhibit because "the exclusion of relevant, material and competent evidence by an administrative agency will be grounds for reversal if that refusal is prejudicial."

In response, Bayside Roofing contends that the Board was correct in rejecting the Proposed Exhibit because Bayside Roofing allegedly did not receive the bills until November 16, 2016. Therefore, according to Bayside Roofing, the bills were inadmissible because they were not filed within the 30-day deadline, as required by IAB Rule 9. As to IAB Rule 8, Bayside Roofing argues that Mr. McCabe's contention is inappropriate on appeal because he did not raise an argument related to that rule at the hearing below. Thus, Bayside Roofing contends that Mr. McCabe's argument as to IAB Rule 8 is also without merit. Moreover, Bayside Roofing alleges that the medical bills were properly excluded because the Proposed Exhibit was unauthenticated and unsubstantiated by witness testimony. The Proposed Exhibit,

therefore, was inadmissible as violating the rules of evidence.

Second, Mr. McCabe contends that the Board erred when it denied his petition for additional compensation allegedly still owed to Dr. Balu for outstanding medical bills. Specifically, Mr. McCabe alleges that the Board's denial was a violation of Delaware law governing the statute of limitations for compensation in workers' compensation cases. According to Mr. McCabe, there is no statutory authority that allows the Board to deny payment for services rendered by a medical service provider unless the claim is time barred. Moreover, Mr. McCabe contends that the Board's decision was in error because, according to Mr. McCabe, the decision was not based on substantial evidence, nor was it supported by the IAB's rules or established case law. Rather, Mr. McCabe believes that the Board's decision was arbitrary and capricious, as Mr. McCabe believes that he established a *prima facie* case. Therefore, the burden was supposedly on Bayside Roofing to rebut Mr. McCabe's evidence.

As to whether Mr. McCabe had submitted clean claims to Bayside Roofing, Mr. McCabe believes that Dr. Balu's testimony was sufficient for the Board to find that clean claims had been submitted. Thus, according to Mr. McCabe, the Board was capable of determining amounts still owed to Dr. Balu, by adding up invoices contained in the Proposed Exhibit. Finally, Mr. McCabe contends that if the Board required additional evidence to make a decision, then the Board should have asked for it.

In response, Bayside Roofing contends that Dr. Balu did not provide competent testimony for the Board to determine what amounts he might still be owed.

According to Dr. Balu, he does not handle billing issues directly. Rather, he has a separate billing department handle such matters. Therefore, as Dr. Balu's testimony was insufficient, Bayside Roofing alleges that Mr. McCabe did not meet his burden of proof. In addition, Bayside Roofing contends that the Board's decision to deny Mr. McCabe's claim was proper because Mr. McCabe failed to provide expert testimony probative of whether or not the disputed medical bills were properly coded. Finally, in regards to the Board not continuing the case to collect additional evidence, Bayside Roofing alleges that if Mr. McCabe wanted a continuance, he should have requested it at the hearing.

## STANDARD OF REVIEW

Appellate review of an IAB decision is limited. The Court's function "is confined to ensuring that the Board made no errors of law and determining whether there is 'substantial evidence' to support the Board's factual findings."[3] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] The "substantial evidence" standard means "more than a scintilla but less than a preponderance of the evidence."[5] The Court "does not weigh the evidence, determine questions of credibility, or make its own

---

[3] *Bermudez v. PTFE Compounds, Inc.*, 2006 WL 2382793, at *3 (Del. Super. Aug. 16, 2006).

[4] *Anchor Motor Freight v. Ciabottoni*, 716 A.2d 154, 156 (Del. 1998).

[5] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).

factual findings."[6] The Court must also give "a significant degree of deference to the Board's factual conclusions and its application of those conclusions to the appropriate legal standards."[7] In reviewing the evidence, the Court must consider the record "in the light most favorable to the prevailing party below."[8] The Court reviews questions of law *de novo* to determine "whether the Board erred in formulating or applying legal precepts."[9]

## ANALYSIS

After a thorough review of the record, including the transcript of the hearing before the Board, the Court finds that the Board committed legal error when it suppressed the Proposed Exhibit. It is not entirely clear what rule the Board relied upon in making its' decision to suppress the Proposed Exhibit. However, as the parties' arguments on this issue primarily relied upon whether or not Bayside Roofing received the Proposed Exhibit, as part of a pre-trial memorandum amendment, thirty days before the hearing, the Court presumes that IAB Rule 9(B) applies. IAB Rule 9(B)(6)(a) provides, *in toto*, that:

> [e]ither party may modify a Pre-Trial Memorandum at any time prior to thirty (30) days before the hearing. Amending the Pre-Trial

---

[6] *Hall v. Rollins Leasing*, 1996 WL 659476, at *2 (Del. Super. Oct. 4, 1996) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[7] *Bermudez*, 2006 WL 2382793 at *3 (citing 29 *Del. C.* § 10142(d)).

[8] *Id.*

[9] *Id.*

8

Memorandum by written notice to the opposing party and the designated employee of the Department of Labor may be made in accord with this Rule. If a party objects to an amendment, the party requesting relief shall file a motion in accord with Rule 8.

There is no indication in IAB Rule 9(B)(6)(a), nor in any other portion of Rule 9, that a party must include a cover letter, that lists or describes included attachments, with a proposed pre-trial memorandum amendment. Nor is the Court aware of any other IAB Rule that provides such a requirement. Therefore, the Court finds that it was improper for the Board to impose such a burden upon Mr. McCabe in regards to the pre-trial memorandum amendment allegedly mailed on June 10, 2016. The Court agrees that it may have been helpful to the Board if Mr. McCabe indicated what attachments were included in the correspondence, but, as no such requirement exists, the Board erred in its application of IAB Rule 9.

### CONCLUSION

As it is necessary for the Board to properly apply its rules to the facts of this case, the Board's decision to suppress the disputed medical bills is **REVERSED** and **REMANDED** with the following stipulations. The Board must consider if:

1. Bayside Roofing received notice of Mr. McCabe's Pre-Trial Memorandum Amendment prior to thirty (30) days before the hearing, held on December 15, 2016, in accordance with IAB Rule 9(6)(a);

2. Bayside Roofing properly objected to the proposed amendment in accordance with IAB Rule 8.

3. The substance of the proposed amendment should be excluded pursuant to

9

the Delaware Rules of Evidence.

      IT IS SO ORDERED.


                          /s/ William L. Witham, Jr.
                          Resident Judge

WLW/dmh